UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLEGIANT TRAVEL COMPANY, et al., <br>     Petitioner(s), <br> v. <br> JOHN KINZER, <br>     Respondent(s). | Case No. 2:21-cv-01649-JAD-NJK <br><br> **ORDER** <br><br> [Docket No. 2] |

Pending before the Court is Petitioner's motion to seal. Docket No. 2.[1] The motion has been referred to the undersigned magistrate judge for resolution.

Regardless of whether a motion to seal is subject to a good cause standard or a compelling reasons standard,[2] any request to seal must be "narrowly tailored" to seek secrecy of only information that meets the pertinent standard. *E.g.*, *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021). Petitioner's motion to seal in this case is, at best, overinclusive. To wit, it seeks secrecy for information that is already publicly available.[3] For example, it is on the public docket in state court that a settlement was reached in the underlying case. *See Kinzer v. Allegiant Air, LLC*, Case No. A-15-727524-C, Docket No. 273 (Notice of Settlement) (8th Jud.

---

[1] The Court notes at the outset that the motion is not opposed. The unopposed nature is not dispositive of a motion to seal, however, because the Court is balancing party interests in confidentiality against the public's interest in transparency. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

[2] The Court does not decide herein which standard applies because the motion is overinclusive regardless of the standard.

[3] Information that is already publicly available does not qualify for redaction or sealing. *See, e.g.*, *Vaccine Ctr. LLC v. GlaxoSmithKline, LLC*, 2013 U.S. Dist. LEXIS 68298, at *6-8 (D. Nev. May 14, 2013).

Dist., Clark Cnty., Nev., Oct. 18, 2018);[4] *but see, e.g.*, Docket No. 9 at 1-2.  It is also on the public record what allegations were made in the underlying case and what the parties' positions were with respect to those allegations.  *See, e.g.*, *Kinzer v. Allegiant Air, LLC*, Case No. 2:15-cv-02306-JAD-PAL, Docket No. 1 (notice of removal, including complaint as exhibit) (D. Nev. Dec. 7, 2015); *but see, e.g.*, Docket No. 10 at 7-9.[5]  Similarly, whether the underlying settlement agreement includes a confidentiality provision as a material term is apparent from both the unredacted portions of the current paperwork, *see, e.g.*, Docket No. 9 at 1 (asserting without redaction that "the Parties entered into a *confidential* settlement agreement" (emphasis added)), as well as from the fact that sealing is being sought, *cf. Harper*, 552 F. Supp. 3d at 1042 ("the very existence of a motion to seal makes clear that the settlement agreement includes a confidentiality provision"); *but see, e.g.*, Docket No. 10 at 10.

In addition, and as already noted by Judge Dorsey, the normal procedures for seeking secrecy have not been followed in this case.  *See* Docket No. 8.  When a litigant seeks to redact certain information from a filing, the proper course is to file <u>on the public docket</u> the redacted version of the document and file under seal the unredacted version of the document.  *See, e.g.*, *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2021 WL 1894820, at *2 (D. Nev. Feb. 2, 2021).  Filing a redacted version of a document under seal makes no sense because the whole purpose of redacting a document (as opposed to sealing it) is that the public has access to the unredacted portions of that document.

Given the circumstances, the Court will **DEFER** ruling on the motion to seal.  For the time being, the Clerk's Office is **INSTRUCTED** to continue keeping sealed any documents in this matter that are currently sealed.  Counsel for Petitioner must carefully review each redaction and sealing request being made to ensure that there is a proper legal and factual basis.[6]  No later than

---

[4] The Court may take judicial notice of the state court's records. *E.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

[5] The underlying action was filed in state court, removed to this court, and then remanded to state court.

[6] The Court did not provide an exhaustive catalogue herein of the potentially problematic aspects of the current motion to seal.

1  May 4, 2022, Petitioner must file a supplement identifying which information it continues to seek to seal or redact in light of the issues identified above. For each redaction and sealing request that Petitioner continues to seek (or seeks newly with respect to information within the supplement), the supplement must include a meaningful showing as to the factual and legal basis for the request. These showings must be made on an individualized basis rather than in omnibus fashion. The supplement must also include certifications that the information underlying each redaction or sealing request is not already available to the public.

Petitioner must also <u>publicly</u> file versions of all pertinent documents that have proposed redactions so that the public will have access to the information therein except as obscured by a proposed redaction.[7] To the extent the supplement itself includes proposed redactions, *but see Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2020 WL 8834752, at *1 (D. Nev. Aug. 25, 2020) ("A motion to seal itself should generally not be filed under seal"), an unredacted version of that document must be filed under seal and a redacted version of that document must be filed on the public docket.[8]

IT IS SO ORDERED.

Dated: April 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] To the extent Petitioner continues to seek full sealing for the settlement agreement, a placeholder may be filed on the public docket.

[8] Because unredacted versions of the first motion to seal and petition to enforce are already on file, *see* Docket Nos. 9-10, *see also* Docket No. 8, Petitioner does not need to refile those documents under seal.