JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Petitioners Allegiant Travel Co.,
and Allegiant Air, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLEGIANT TRAVEL COMPANY, a Nevada corporation; ALLEGIANT AIR, LLC, a Nevada limited liability company,<br><br>Petitioners,<br><br>vs.<br><br>JASON W. KINZER, an individual,<br><br>Respondent. | Case No.: 2:21-cv-01649-JAD-NJK<br><br>**SUPPLEMENT TO PETITIONERS' MOTION FOR LEAVE TO REDACT OR FILE CERTAIN DOCUMENTS UNDER SEAL (ECF NO. 2)** |

Petitioners ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC (together, "Allegiant"), by and through their attorneys, the law firm of Jackson Lewis P.C., hereby file this supplement to their Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) pursuant to the Court's April 20, 2022 Order (ECF No. 11).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In light of the Court's Order (ECF No. 11), Allegiant seeks leave to: (1) file a version of its Application to Confirm Arbitration Award (ECF No. 1) which contains narrowed redactions; (2) file a version of its Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) which contains narrowed redactions; (3) redact the entirety of the Amended Award with the exception of the section titled Award and Protective Order (ECF No. 1-6); and (4) seal the

Settlement Agreement (ECF No. 1-2). Specifically, Allegiant requests to seal or redact the following:

| ECF No. | Document | Specific Page / Lines to be Sealed or Redacted |
|---|---|---|
| 1 | Application to Confirm Arbitration Award | Various portions of 2:4-8, 2:16-17, 2:23-24, 3:1-3, 3:9, 3:17-18, 4:27-28 |
| 1-2 | Settlement Agreement | Entire Document |
| 1-6 | Amended Award | Pages 1-8 until § "Award and Protective Order" |
| 2 | Petitioners' Motion for Leave to Redact or File Certain Documents Under Seal | Various portions of 5:5-11, 5:23, 8:18-19, 8:28-9:2 |

As discussed below, good cause and compelling reasons exist to grant Allegiant's Motion and redact and/or seal the foregoing documents.

## II.   LEGAL ARGUMENT

For the sake of brevity and in recognition that this Supplement is intended to supplement rather than replace Allegiant's Motion for Leave (ECF No. 2), Allegiant incorporates by reference the legal argument of its Motion for Leave to Redact or File Certain Document Under Seal. ECF No. 2, 2:11-10:27. In addition, in compliance with the Court's Order (ECF No. 11), Allegiant has narrowed the scope of information it is seeking to redact and sets forth further arguments below.

**A. Good Cause and Compelling Reasons Exist to Seal the Settlement Agreement (ECF No. 1-2).**

Allegiant maintains that the Settlement Agreement (ECF No. 1-2) should be sealed and incorporates its argument in its Motion herein by reference. *See* ECF No. 2 at 5:1-9:14. Further, although, as the Court points out, the fact that a settlement exists between the Parties is publicly available, the Settlement Agreement itself and the terms therein are not. They are known only to the Parties, their respective attorneys, the arbitrator, and this Court. And while Allegiant acknowledges that observers of these proceedings *might* guess about what provisions the Settlement Agreement contains (or does not contain), the fact remains that the Settlement Agreement and its exact terms have not been disclosed or otherwise made available for public consumption.

As explained in the Motion for Leave to Redact or File Certain Document Under Seal (EC No. 2), the Settlement Agreement is a private contract, the confidentiality of the Settlement

Agreement in this instance outweighs the public's right to access the agreement as a matter of public policy, the parties' have maintained the confidentiality of the Settlement Agreement, the disclosure of the Settlement Agreement would promote public scandal and embarrassment, and the interests of fairness, justice, and the parties' reasonable expectations would be undermined if the Settlement Agreement were to be disclosed in light of the Arbitration Award.

These reasons warrant sealing the Settlement Agreement. *See Mayorga v. Ronaldo*, No. 2:19-cv-00168-JAD-CWH, 2019 U.S. Dist. LEXIS 128387, at *8 (D. Nev. July 31, 2019); *see also Friedman v. United States*, No. 2:18-cv-00857-JCM-VCF, 2020 U.S. Dist. LEXIS 70474, at *8 (D. Nev. Apr. 22, 2020) (citing *United Rentals, Inc. v. Ahern Rentals, Inc.*, No. 2:12-cv-01876-JCM-VCF, 2012 U.S. Dist. LEXIS 157574, at *3 (D. Nev. Nov. 2, 2012) (noting that courts failing to support the parties' reliance on secrecy works an injustice on litigants and makes "future settlements predicated upon confidentiality less likely")); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (Oct. 3, 2016) (An example of a "compelling reason" to warrant sealing is when a "court record might be used to "gratify private spite or promote public scandal[.]"). In addition, absent sealing of the Settlement Agreement, Allegiant will be placed in an impossible position: either abandon the Application to Confirm the Arbitration Award and maintain the confidentiality of the Settlement Agreement, or proceed with the Application and effectively nullify the award in its favor by being forced to publicly disclose the very thing the arbitration award protects. Indeed, "courts are loath to reward gamesmanship whereby a litigant seeking to challenge a confidentiality provision can defeat such confidentiality simply by requiring the filing of a motion to enforce." *Harper v. Nev. Prop. 1*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021).

Although some courts choose to take a "middle approach" to balance the parties and the public's competing interests by keeping only the terms that are irrelevant to a motion to enforce a settlement agreement secret, in this case, the Settlement Agreement should be sealed in its entirety. *See Harper v. Nev. Prop. 1*, 552 F. Supp. 3d 1033, 1042 (D. Nev. 2021). The circumstances giving rise to this case warrant sealing the Settlement Agreement where the historical weaponization of the media resulted in harm to the parties. *Center for Auto Safety v*, 809 F.3d at 1097 (An example

of a "compelling reason" to warrant sealing is when a "court record might be used to "gratify private spite or promote public scandal[.]").

Further, the presumption of public access to court records should be balanced with and in some cases, such as in the instant case, yield to the Federal Arbitration Act (the "FAA"). If a party seeks a judicial order confirming an arbitration award pursuant to the FAA, a federal district court "must grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The FAA provides limited circumstances under which a federal court may vacate or modify a binding arbitration award, none of which are present here. *See* 9 U.S.C. §§ 10- 11.[1] "Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Accordingly, review of an arbitration award is "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009).

Here, the Amended Award recognizes the confidential nature of the entire Settlement Agreement and enforces the confidentiality provisions of the Settlement Agreement. *See, e.g.,* ECF No. 9-6 at 10 (…this Award and its substance are confidential pursuant to the terms of the

---

[1] The FAA empowers a federal court to vacate an arbitration decision where:

> (1) the award was procured by corruption, fraud, or undue means;
> (2) there was evident partiality or corruption in the arbitrators, or either of them;
> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Further, The FAA empowers a federal court to modify an arbitration decision:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

Settlement Agreement…Nothing in this Award or Protect Order amends, modifies, waives, revokes, or terminates the Settlement Agreement, or any portion thereof, or the individual or collective obligation of any Party subject to the Settlement Agreement, or this Award, or Protective Order.") To require the disclosure of the Settlement Agreement or any portion thereof would, in effect, modify the Amended Award, which was designed to preserve the confidentiality of the Settlement Agreement, without a finding under 9 U.S.C. §§ 10-11.

In sum, sealing settlement agreements is appropriate where, as here, the moving party identifies harm that could occur with disclosure, it is apparent that the parties did not intend for such information to become public, the agreement contains a confidentiality provision, and an arbitrator ordered the parties to keep the details of the agreement confidential, all of which are circumstances that occurred here. *See Golden Boy Promotions, Inc. v. Top Rank, Inc.,* No. 2:10-cv-01619-RLH-RJJ, 2011 U.S. Dist. LEXIS 23450, at *4-5 (D. Nev. Feb. 17, 2011).

Accordingly, the Settlement Agreement should be sealed.

**B. The Amended Award (ECF No. 1-6) Should be Redacted in its Entirety Except for the Section Entitled "Award and Protective Order."**

Allegiant also maintains that the Amended Award (ECF No. 1-6) should be redacted in its entirety with the exception of the section entitled "Award and Protective Order" on pages 8-10 and incorporates its argument in its Motion (ECF No. 2) by reference. *See* ECF No. 2 at 9:15-10:13.

To summarize, Allegiant has similar reasons to move the Court to redact the Amended Award (ECF No. 1-6) as it does to move the Court to seal the Settlement Agreement (ECF No. 1-2) because the Amended Award (ECF No. 1-6) necessarily discusses the terms and substance of the Settlement Agreement (ECF No. 1-2). Specifically, disclosure of the Amended Award (including references to the Settlement Agreement's terms) would promote public scandal, particularly given the history of this dispute, and undermine the important public policy of encouraging settlement. *See Friedman*, 2020 U.S. Dist. LEXIS 70474, at *5; *United Rentals, Inc.*, 2012 U.S. Dist. LEXIS 157574, at *3.

Moreover, sealing the arbitration award is compelled by very posture of this case. In the Award and Protective Order, Judge Pro specifically ordered that "[e]xcept for the terms of the

Protective Order which appear at pages 8, 9, and 10 under the hearing 'Award and Protective Order,' this Award and its substance are confidential pursuant to the terms of the Settlement Agreement." *See* ECF No. 1-6, p. 10. A court must confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 997 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera*, 341 F.3d at 997 (internal quotation marks omitted); *see Golden Boy Promotions, Inc.* 2011 U.S. Dist. LEXIS 23450, at *4-5 (granting a motion to seal where the parties did not intend for certain information to become public, and an arbitrator ordered the parties to keep certain information confidential).

The Court is now being asked to confirm the arbitration award. "[T]he Court must grant such an order unless the award is vacated, modified, or corrected[.]" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 663 (9th Cir. 2012). The award in this case has not been vacated, modified, or correct, and no grounds exist to do so here. *See* 9 U.S.C. §§ 9-11. Indeed, Respondent has not moved to vacate, modify, or correct the award, and the time to do so has expired. Thus, the Court should grant Allegiant's request to redact the Amended Award "[e]xcept for the terms…which appear at pages 8, 9, and 10 under the heading 'Award and Protective Order,'". as anything less would amount to vacatur, modification or correction of the award for which there is no valid basis to do so.[2]

Thus, in accordance with the FAA and public policy, the Amended Award should be redacted as specified herein.

///
///
///
///
///
///
///

---

[2] *See* fn. 1.

**C. The Application to Confirm Arbitration Award (ECF No. 1) and the Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) Should be Redacted.**

   *1. References to the terms of the Settlement Agreement (ECF No. 1-2) and confidential sections of the Amended Award (ECF No. 1-6) should be redacted.*

Allegiant has narrowed the scope of information it now seeks to redact in the Application to Confirm Arbitration Award (ECF No. 1) and the Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) but maintains the references to the content of the Settlement Agreement (ECF No. 1-2) and Amended Award (ECF No. 1-6) should remain confidential for the same reasons cited above (i.e., to comply with the Amended Award under the FAA and promote public policy by encouraging settlements, giving the parties the benefit of the bargain, and to avoid gratifying private spite or promoting public scandal).

Thus, Allegiant seeks to redact the following lines from the Application to Confirm Arbitration Award (ECF No. 1):

- ECF No. 1 at 2:16-17, which references the terms of Section 2(b) of the Settlement Agreement (ECF No. 1-2);
- ECF No. 1 at 2:23-24, which discusses the terms of Section 3 of the Settlement Agreement (ECF No. 1-2);
- ECF No. 1 at 3:2-3, which discusses the terms of Section 3(a) of the Settlement Agreement (ECF No. 1-2);

Further, Allegiant seeks to redact the following lines from the Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2):

- ECF No. 2 at 5:5-11, which quotes Section 3(a) and references Section 2 of the Settlement Agreement (ECF No. 1-2)
- ECF No. 2 at 5:23, which references Section 3(a) of the Settlement Agreement (ECF No. 1-2)

   *2. References to the terms of the Settlement Agreement (ECF No. 1-2) and redacted sections of the Amended Award should be redacted.*

Further, page 8, lines 18-19 and 27-28, and page 9, lines 1-2 of Allegiants' Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) should be redacted because they contain information regarding the harm that the Parties experienced during the course of the

Underlying Action, and the Parties' motivations for settling.[3] *Center for Auto Safety*, 809 F.3d at 1097 (An example of a "compelling reason" to warrant sealing is when a "court record might be used to "gratify private spite or promote public scandal[.]") These harms and motivations were not disclosed to the public by the Parties. Indeed, given that they underlie the reasons why the Parties ultimately agreed to settle the Underlying Action, provides an additional basis for redaction.

### D. Request for Leave.

Allegiant requests leave to file corrected versions of its Application to Confirm Arbitration Award (ECF No. 1) and the Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2). The proposed corrected versions are attached hereto as **Exhibits 1** (Application) and **2** (Motion). The proposed corrected versions do not change the substance of the documents, but rather contain more limited redactions. As such, Allegiant proposes to file Exhibit 1 as a Notice of Corrected Image of ECF No. 1, and Exhibit 2 as Notice of Corrected Image of ECF No. 2. The existing exhibits to those docket entries will not change.

/ / /

---

[3] Allegiant does not seek to redact ECF No. 2, 9:3-5, because Respondent's claims in the Underlying Action were based on his publicly-disclosed contentions that Allegiant had harmed his ability to continue working as a commercial pilot.

### III. CONCLUSION

Based on the foregoing, Allegiant respectfully requests that the Court grant its Motion for Leave to File Documents Under Seal (ECF No. 2) such that the Settlement Agreement (ECF No. 1-2) is sealed and the Amended Award (ECF No. 1-6), Application to Confirm Arbitration Award (ECF No. 1), and Motion for Leave to File Documents Under Seal (ECF No. 2) are redacted as specified herein in this Supplement. Allegiant further requests leave to file corrected versions of its Application to Confirm Arbitration Award (ECF No. 1) and the Motion for Leave to Redact or File Certain Document Under Seal (ECF No. 2) as attached hereto as Exhibits 1 and 2 a notices of corrected image.

DATED this 11th day of May, 2022.

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. 4th Street, Suite 900
Las Vegas, Nevada 89101
*Attorneys for Petitioners Allegiant Travel Co. and Allegiant Air, LLC*