1 | JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
2 | HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
3 | **JACKSON LEWIS P.C.**
4 | 300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
5 | Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
6 | Email: hilary.williams@jacksonlewis.com

*Attorneys for Petitioners Allegiant Travel Co.,
and Allegiant Air, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ALLEGIANT TRAVEL COMPANY, a Nevada corporation; ALLEGIANT AIR, LLC, a Nevada limited liability company,<br><br>        Petitioners,<br><br>vs.<br><br>JASON W. KINZER, an individual,<br><br>        Respondent. | Case No.: 2:21-cv-01649-JAD-NJK |

### DECLARATION OF JOSHUA A. SLIKER, ESQ. IN SUPPORT OF PETITIONERS' SUPPLEMENT TO THEIR MOTION FOR LEAVE TO REDACT OR FILE CERTAIN DOCUMENTS UNDER SEAL

I, Joshua A. Sliker, Esq., declare as follows:

1. I am over the age of 18 years and have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein and will so testify if called upon.

2. I am an attorney with the law firm of Jackson Lewis P.C., and one of the attorneys representing Petitioners Allegiant Travel Company and Allegiant Air, LLC (together, "Allegiant") in the matter entitled *Allegiant Travel Company, et al. v. Jason W. Kinzer*, Case No. 2:21-cv-01649-JAD-NJK currently pending in United States District Court, District of Nevada (the "Action").

3.     I make this declaration in support of Allegiant's Supplement to Petitioners' Motion for Leave to Redact or File Certain Documents under Seal (the "Supplement") pursuant to the Court's April 20, 2022 Order (ECF No. 11) in the Action.

4.     I certify that neither the Confidential Settlement Agreement (ECF No. 1-2) (the "Agreement") nor its exact terms have been publicly disclosed. While I acknowledge that an observer of the proceedings before this Court might be able to speculate as to some of the types of terms that the Agreement contains (i.e., confidentiality and arbitration), the exact language of those terms not been publicly disclosed. Indeed, as evidenced by the instant proceedings, the arbitration proceedings with Hon. Philip R. Pro (Ret.) presiding as arbitrator, and the proceedings in the D.C. Superior Court regarding the subpoena *duces tecum* that was the genesis of the arbitration proceedings, Allegiant has vigorously sought to preserve the confidentiality of the Settlement Agreement.

5.     I further certify that the Amended Award (ECF No. 1-6) is not publicly available except for the case caption appearing on page 1 (mislabeled as page 2) of the Amended Award and the section entitled "Award and Protective Order" which begins on page 8 and ends on page 10. With that said, the Amended Award does contain information the substance of which might be publicly available (i.e., could be obtained from publicly available information or documents). However, the Arbitrator has ordered that those portions of the Amended Award are confidential and included them within a protective order which controls how the Parties use the information, what can be publicly disseminated, and the obligations, in particular, on Respondent Kinzer to protect the information. Specifically, I make the following certifications regarding the Amended Award:

   a. Page 1 (mislabeled as page 2), Paragraph 1, contains a recitation of the procedural history of the arbitration proceedings and the relief sought by Petitioners. The substance of this information is publicly available in Allegiant's Application to Confirm Arbitration Award and Enter Judgment. ECF No. 9, 1:27-3:14.

b. Page 2, Paragraphs 1 (the first sentence of which starts on Page 1) and 2, contains a recitation of the procedural history of the arbitration proceedings. The portion thereof concerning Respondent's counsel is publicly available in Allegiant's Application to Confirm Arbitration Award and Enter Judgment. ECF No. 9, 2:8-9. The portion concerning the arbitration requirement in the Settlement Agreement is similarly publicly available in the proposed corrected version of Allegiant's Application. The remainder is not publicly available.

c. Page 2, Paragraph 3 (the first paragraph under heading "Background), discussing the Underlying Action and the terms of the Settlement Agreement. The first sentence is publicly available. The information in the second sentence is publicly available up to the word "resolving", with the remainder of the second sentence not being publicly available and indeed discusses the terms of the Settlement Agreement. The remainder of Paragraph 3 is not publicly available and discusses the terms of the Settlement Agreement.

d. Page 2, Paragraph 4, contains information about the Settlement Agreement as well information about the Texas Divorce Proceedings involving Respondent. Paragraph 4 is publicly available with the exception of the portion starting with "after" and ending with "Allegiant" in the first sentence.

e. Page 3, Paragraph 1 (the first sentence starts on page 2), contains information about Respondent's putative wife and the Texas Divorce Proceedings. With the exception of the last sentence of Paragraph 1, the information in the remaining portions of Paragraph 1 is publicly available.

f. Page 3, Paragraphs 2 through 5 (which ends on page 4), contain information about the procedural history of the subpoena *duces tecum* and arbitration case, and the information therein is publicly available.

g. Page 4, Paragraph 1 (starting with "By this…"), contains information about the procedural history of the subpoena *duces tecum* and arbitration case, and the information therein is publicly available.

h. Page 4, Paragraphs 2 (first paragraph under heading "Discussion") and 3 contain information about Allegiant's business and the negotiations of the Settlement Agreement. While the assertion regarding media coverage is publicly available, the remainder of the information is not, including, but not limited to, the portions which discuss the terms of the Settlement Agreement and the negotiations leading thereto.

i. Page 4, Paragraph 4, is publicly available with the exception of the last sentence.

j. Page 5, Paragraph 1 (the first sentence of which starts on page 4), is publicly available.

k. Page 5, Paragraph 2, the first sentence of Paragraph 2 is publicly available. The second sentence is not publicly available. The third sentence and the three numbered sections that follow are publicly available as they are substantially embodied in the "Award and Protective Order" section of the Amended Award.

l. Page 5, Paragraph 3, contains information regarding the Arbitrator's view of Allegiant's claims and is not publicly available.

m. Page 6, Paragraphs 1 (including the block quotation), 2 and 3 contain information about Respondent's factual contentions and legal arguments concerning the terms of the Settlement Agreement. This information is not publicly available.

n. Page 7, Paragraph 1 (the first two sentences start on page 6), contain information about Respondent's factual contentions and legal arguments concerning the terms of the Settlement Agreement. The first sentence of Paragraph 1 not publicly available. The information in the second sentence is publicly available. The information in the third sentence is not publicly available.

o. Page 7, Paragraphs 2 (first paragraph under heading "Findings") and 3, contain the Arbitrator's factual findings and conclusions of law, and is not publicly available.

    p. Page 7, Paragraphs 4 and 5 (which ends on page 8), contain the Arbitrator's findings and conclusions regarding Respondent's obligations under the Settlement Agreement including references to the Settlement Agreement's terms. This information is not publicly available.

    q. Page 8, Paragraph 1 and 2, contain the Arbitrator's findings and conclusions regarding Respondent's obligations under the Settlement Agreement including references to the Settlement Agreement's terms. This information is not publicly available.

6. Allegiant also seeks to redact the following pages and lines of its Application to Confirm Arbitration Award and Enter Judgment (ECF No. 1) including 2:16-17, 2:23-24, and 3:2-3, because they contain references to the terms of the Settlement Agreement. I certify that neither the Settlement Agreement nor the exact terms thereof are publicly available.

7. Further, Allegiant also seeks to redact the following pages and lines of their Motion for Leave to Redact or File Certain Documents Under Seal (ECF No. 2), including 5:5-11 and 5:23 because they contain references to the terms of the Settlement Agreement. I certify that neither the Settlement Agreement nor the exact terms thereof are publicly available.

8. Allegiant also seeks to redact pages and lines 8:18-19, 8:27-28 and 9:1-2 of their Motion for Leave to Redact or File Certain Documents Under Seal (ECF No. 2) because they contain references to the harm experienced by the Parties during the course of the Underlying Action and the Parties motivations for entering into settlement. The information in these pages and line references represents Allegiant's summation of certain events. I certify that that summation is not publicly available.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 11th day of May, 2022.

                                            JOSHUA A. SLIKER, ESQ.