# EXHIBIT 1

# EXHIBIT 1

Proposed Corrected Version of Application to Confirm Arbitration Award and Enter Judgment

# EXHIBIT 1

JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com
Email: hilary.williams@jacksonlewis.com

*Attorneys for Petitioners*
*Allegiant Travel Co,*
*and Allegiant Air, LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ALLEGIANT TRAVEL COMPANY, a Nevada corporation; ALLEGIANT AIR, LLC, a Nevada limited liability company,<br><br>Petitioners,<br><br>vs.<br><br>JASON W. KINZER, an individual,<br><br>Respondent. | Case No.:<br><br>**PETITIONERS' APPLICATION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT** |

Petitioners ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC (together, "Allegiant"), by and through their attorneys, the law firm of Jackson Lewis P.C., hereby submit this Application requesting that this Court confirm the November 30, 2020 amended arbitration award against Respondent JASON W. KINZER ("Respondent") and enter judgment in Allegiant's favor. This matter is brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and based on the following points and authorities, the Declaration of Joshua A. Sliker, Esq. (**Exhibit "1"**) and any oral argument permitted by this Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THE DISPUTE

The Parties entered into a confidential settlement agreement to resolve *Jason Kinzer v.*

*Allegiant Air, LLC, et al.*, Case No. A-15-727524-C, in the Eighth Judicial District Court, Clark County, Nevada, effective October 16, 2018 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "2."** The Settlement Agreement provided that Respondent ▮▮▮▮▮▮▮▮▮▮ and other promises. *Id.* ¶ 1. The Settlement Agreement further provided that the Parties would arbitrate any and all disputes related to the Settlement Agreement and that any Party may seek to have the resulting arbitration award entered as a judgment in a court of competent jurisdiction. *Id.* at ¶ 8. Douglas P. Desjardins, Esq. ("Desjardins") represented Respondent in those proceedings.

On July 29, 2021, Respondent's purported wife subsequently filed for divorce in the District Court, 249th Judicial District, Johnson County, Texas (the "Divorce Proceeding"). As part of the Divorce Proceeding, Respondent served Desjardins with a subpoena for "[a]ny settlement agreement(s) in your possession resolving any claim made by Jason W. Kinzer as to any third party" and "documents relating to the nature and characterization of any settlement funds disbursed pursuant to any settlement agreement entered by Jason W. Kinzer with any third party" (the "Subpoena"). *See* **Exhibit "3."** Mr. Desjardins informed Allegiant of the Subpoena ▮▮▮▮▮▮▮▮ because the Subpoena would have required the production of the Settlement Agreement. *See* Ex. "2" at ¶ 2(b).

Acknowledging that Respondent's attorney in the Divorce Proceeding may need access to the Settlement Agreement, Allegiant attempted in good faith to negotiate a stipulated protective order that would maintain the confidentiality of the Settlement Agreement. Indeed, Respondent's Subpoena sought information which Respondent was bound by the terms of the Settlement Agreement to keep strictly confidential, ▮▮▮▮▮▮▮▮. Allegiant was concerned that once the Settlement Agreement was provided to Respondent, it would be disclosed to other parties and persons in the Divorce Proceedings who were not bound by the Settlement Agreement's terms to keep it strictly confidential, as well as be placed in the public record. Despite Allegiant's efforts, Respondent declined to agree to take reasonable steps to ensure the Settlement Agreement was not produced without limitation. Thus,

1  Allegiant believed Respondent's actions directly threatened the strict confidentiality that
2  ████████████████████████████████████████████████████████████████████████
3  ████ .

## II.  THE ARBITRATION

Unable to agree on a stipulated protective order or other mechanism to protect the confidential nature of the Settlement Agreement or determine whether compliance with the Subpoena would violate the Settlement Agreement, the Parties participated in a confidential arbitration with the Judicial Arbitration and Mediation Service ("JAMS") in the District of Nevada in accordance with the Settlement Agreement. *See* Settlement Agreement, Ex. 2 at ¶ 8. JAMS provided the Parties with a strike list to rank their preferred arbitrators *See, e.g.,* **Exhibit "4."** This led to the selection of the Honorable Philip M. Pro (Ret.) ("Judge Pro") as the arbitrator. Judge Pro's resume as made available by JAMS is attached hereto as **Exhibit "5."** Judge Pro was a United States District Court Judge for over 27 years and following his retirement, now serves as a private mediator and arbitrator with JAMS. *Id.*

After evaluating the Parties' arguments, Judge Pro entered an Award in Allegiant's favor on September 27, 2020 and entered an Amended Award in Allegiant's favor on November 30, 2020 (the "Amended Award") to account for a change in Respondent's counsel in the Divorce Proceeding, which was electronically served on Allegiant and Respondent that same day. A true and correct copy of the Amended Award is attached as **Exhibit "6."** Respondent did not seek to vacate the Amended Award at any time after it was served. Allegiant now requests that the Court confirm the Amended Award pursuant to 9 U.S.C. §§ 9 and 13.

## III.  ARGUMENT

The Federal Arbitration Act ("FAA") provides that any party to an arbitration may apply to the court for an order confirming the arbitration award within one year if the parties previously agreed that a judgment could be entered. 9 U.S.C. § 9. Section 9 of the FAA further provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id.*

Under the FAA, when a party to an arbitration applies for confirmation of the arbitration award, "the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Act]." 9 U.S.C. § 9; *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010). If a party seeks to vacate an arbitration award, it must serve the opposing party with notice of its intent to do so within three months after the award is filed or delivered. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251-52 (9th Cir. 2018); 9 U.S.C. §12. Failure to do so results in the permanent waiver of all possible defenses. *Sheet Metal Workers Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983). The party seeking to vacate an award bears the burden of establishing the grounds for vacatur. *U.S. Life Ins. v. Super. Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). And this burden is a heavy one. A court may vacate an award only where the award "was procured by corruption, fraud, or undue means"; the arbitrator was partial or corrupt; the arbitrator's misconduct prejudiced the rights of a party; or the arbitrator exceeded her powers. *See* 9 U.S.C. § 10; *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006). "Under the [FAA], confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal quotation marks omitted). In sum, a court's review of an arbitration award under the FAA "is both limited and highly deferential." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (internal quotation marks omitted).

If the Court confirms the award, "[t]he judgment shall be docketed as if it was rendered in an action . . . shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

Here, Judge Pro rendered the Amended Award in Allegiant's favor on November 30, 2020. That means Allegiant has until November 30, 2021 to move to confirm the award, and thus, as the instant Application is being filed prior to that date, Allegiant's Application is timely before this Court. Further, the Parties agreed in the Settlement Agreement that "[a]ny party to the arbitration may seek to have the Arbitrator's award entered as a judgment in a court of competent jurisdiction."

1  Thus, entry of judgment is within this Court's jurisdiction because the Amended Award was issued
2  in Las Vegas, Nevada. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties,
3  then such application may be made to the United States court in and for the district within which
4  such award was made."). Accordingly, Allegiant has complied with all statutory requirements for
5  confirming the Amended Award.
6        Additionally, because Judge Pro rendered the Amended Award in Allegiant's favor on
7  November 30, 2020, Respondent had until March 1, 2021 to move to vacate, modify, or correct the
8  Amended Award. It is uncontested that Respondent never did so, and therefore, he has waived any
9  objection to the enforcement of the award. *See Inomedic/Innovative Health Applications, LLC v.*
10 *Noninvasive Medical Technologies, Inc.*, 2016 U.S. Dist. LEXIS 140606, 2016 WL 5934419, at *2
11 (D. Nev. Oct. 11, 2016) (respondent waived all challenges to an arbitral award when it did not move
12 to vacate the award within three months).
13       Based on the foregoing, Allegiant's Petition must be granted and the Amended Award
14 confirmed. *See Traf Intercontinental Elektronik-Handels GmbH v. Sonocine, Inc.*, No. 3:17-cv-
15 00672-LRH-WGC, 2019 U.S. Dist. LEXIS 29375, at *11 (D. Nev. Feb. 25, 2019) (Traf has met all
16 the statutory requirements to properly petition for its arbitral award. And because the Court has
17 already determined that Sonocine has waived any defense to the enforcement of the arbitral award,
18 the Court will grant Traf's motion to confirm the award.).
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**PRAYER FOR RELIEF**

For the reasons discussed above, Petitioners Allegiant Travel Co. and Allegiant Air, LLC respectfully request that the Court:

a. Confirm the November 30, 2020 Amended Award;

b. Enter judgment in Petitioners' favor;

c. Such other and further relief the Court finds just and proper.

DATED this 7th day of September, 2021.

                JACKSON LEWIS P.C.

                */s/ Joshua A. Sliker*
                JOSHUA A. SLIKER, ESQ.
                Nevada Bar No. 12493
                HILARY A. WILLIAMS, ESQ.
                Nevada Bar No. 14645
                300 S. Fourth Street, Ste. 900
                Las Vegas, Nevada 89101

                *Attorneys for Petitioners*
                *Allegiant Travel Co., and*
                *Allegiant Air, LLC*