UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLEGIANT TRAVEL COMPANY, et al.,

    Petitioner(s),

v.

JOHN KINZER,

    Respondent(s).

Case No. 2:21-cv-01649-JAD-NJK

ORDER

[Docket No. 2]

Pending before the Court is Petitioner's motion to seal. Docket No. 2; *see also* Docket No. 10 (unredacted sealed version); Docket No. 14-3 (public redacted version).[1] Pursuant to the Court's order, Docket No. 11, Petitioner filed a supplement that narrows the scope of the sealing request, proposes redactions, and provides further argument, Docket No. 14. Petitioner filed some redacted documents on the public docket. *See* Docket No. 14-2 (redacted petition to confirm), Docket No. 14-3 (redacted motion to seal). For the reasons discussed below, the motion to seal as narrowed in the supplement is **GRANTED** in part and **DENIED** in part.

**I.  STANDARDS**

There is a strong presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1178. A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*,

---

[1] The motion is not opposed. Neither an unopposed motion nor a stipulation to seal should be granted as a matter of course, however, because the Court is balancing party interests in confidentiality against the public's interest in transparency. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also eBay Inc. v. Boch*, No. 19-cv-04422-BLF, 2022 WL 1131720, at *1 n.1 (N.D. Cal. Mar. 21, 2022) (parties cannot stipulate to sealing).

447 F.3d at 1180.² The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The burden to show compelling reasons is not met by making conclusory assertions; rather, the movant must "articulate compelling reasons supported by *specific* factual findings." *Id.* at 1178 (emphasis added). For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id*. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Any request to seal must be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). If any confidential information can be easily redacted while leaving meaningful information available to

---

² Whether a motion is "dispositive" for sealing purposes turns on whether it is "more than tangentially related to the underlying cause of action." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Petitioner advocates for the lower "good cause" standard to apply to its motion to seal. Docket No. 10 at 4. In particular, Petitioner argues that a motion to confirm an arbitration award is only tangentially related to the merits of a case because the Court's review of the arbitration decision is a limited one. *See id.* at 3-4. The Court does not share Petitioner's view and, instead, agrees with the decisions finding that the "compelling reasons" standard applies. *See, e.g.*, *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021).

the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Courts consider the confidential nature of settlement discussions and agreements in addressing later motions to seal settlement information. *See, e.g.*, *Mayorga v. Ronaldo*, No. 2:19-cv-00168-JAD-CWH, 2019 WL 3459230, at *3 (D. Nev. July 31, 2019). Courts similarly consider the confidential nature of arbitration proceedings in addressing later motions to seal arbitration information. *See, e.g.*, *Zitan Techs., LLC v. Liang Yu*, No. 3:18-cv-00395-RJC-WGC, 2021 WL 3024284, at *3 n.2 (D. Nev. July 16, 2021). Nonetheless, such settlement or arbitration information is not entitled to sealing in later proceedings simply because the parties bargained for confidentiality; the calculus changes once the parties reenter the courthouse for adjudication of their dispute. *See Harper*, 552 F. Supp. 3d at 1041; *see also Bloom Energy*, 2021 WL 4079208, at *12 ("The fact that the parties privately bargained to keep [an arbitration] proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document ***when put at issue in a public forum***" (emphasis in original)).[3] Given the competing interests at play in such a scenario, several courts addressing a proceeding to enforce a settlement agreement have allowed the sealing of confidential information not pertinent to the issue before the Court, while generally requiring transparency of the settlement terms that are directly implicated in the latest round of judicial decision-making. *E.g.*, *Harper*, 552 F. Supp. 3d at 1042.

**II.    ANALYSIS**

Petitioner's sealing and redaction requests cover a variety of judicial filings. The Court will address the different filings separately.

---

[3] The local rules make clear that settlement terms that were otherwise confidential may be disclosed to the public by the Court in a subsequent proceeding arising out of a motion to enforce settlement. Local Rule 16-5 ("In the event of a dispute to enforce a settlement agreement, the court may order the disclosure of confidential information"). The arbitration at issue here was essentially a proceeding to enforce settlement. *See, e.g.*, Docket No. 14-2 at 4.

A. Application to Confirm Arbitration Award[4]

Petitioner proposes four redactions to its application to confirm the arbitration award, all four of which obscure recitation of terms of the settlement agreement not at issue in the proceeding before this Court. *Compare* Docket No. 9 at 2-3 (unredacted version) *with* Docket No. 14-2 at 3-4.[5] Because those terms are subject to a confidentiality provision and are not pertinent to the matters being adjudicated in this proceeding, sufficient justification has been presented for the proposed redactions. *Cf. Harper*, 552 F. Supp. 3d at 1042.

B. Motion to Seal

A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information. *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, No. 2:03-cv-01431-RCJ-PAL, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). Nonetheless, Petitioner chose to include within its motion to seal information that it contends warrants secrecy in the form of redaction.

First, Petitioner seeks to redact references to the existence in the settlement agreement of a material term of confidentiality. *Compare* Docket No. 10 at 5 *with* Docket No. 14-3 at 6.[6] That confidentiality is a material term of the agreement is obvious; otherwise, there would be no motion to seal. *Cf. Harper*, 552 F. Supp. 3d at 1042. Moreover, Petitioner's own public statements on

---

[4] The Court separately addresses the exhibits to the application to confirm below.

[5] The proposed redactions are on page 2 of the petition to confirm at lines 4-5, 16-17, and 23-24, as well as on page 3 of the petition to confirm at lines 2-3. *See* Docket No. 14-2 at 3-4. These are the specific redactions being approved herein.

Petitioner also references that it seeks redactions on page 2 of the petition to confirm at lines 6-8, on page 3 of the petition to confirm at lines 9 and 17-18, and on page 4 of the petition to confirm at lines 27-28. *See* Docket No. 14 at 2. Despite asserting that it seeks to redact this information, however, Petitioner filed the information on the public docket without redaction. *See* Docket No. 14-2 at 3-5. To the extent Petitioner did intend on seeking secrecy for this information, that genie is already out of the bottle since the information is in the public domain. *See, e.g., Victory Sports & Ent., LLC v. Pedraza*, No. 2:19-cv-826-APG-NJK, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases that courts cannot make secret what has already been revealed to the public). The Court will not allow these after-the-fact redactions.

[6] The proposed redactions are on page 5 of the motion to seal at lines 5-6 and 23.

the record already demonstrate as much.  For example, Petitioner seeks to redact an assertion that confidentiality is a material term of the settlement agreement, even though that proposed redaction is promptly followed by the public assertion that "the confidentiality of a settlement agreement outweighs the public's right to access *when confidentiality is a material term of the settlement agreement*." Docket No. 10 at 5 (emphasis added).  The latter assertion (and others like it)[7] on the public docket evidence that confidentiality is a material term of the settlement agreement in this case.  Petitioner is not entitled to redact references to the confidentiality term.

Second, Petitioner seeks to redact its block quotation of the actual confidentiality provision, *Compare* Docket No. 10 at 5 *with* Docket No. 14-3 at 6,[8] arguing that the exact language of the term should be protected, *see, e.g.*, Docket No. 14 at 2.  The nature of this term in general does not warrant protection, but the provision references other terms within the settlement agreement that do not bear on the issues before the Court.  *See* Docket No. 10 at 5.  Hence, revealing the language of this term would also reveal other terms in the settlement agreement.  Moreover, it does not appear that the precise language in the term will impact the public's understanding of the proceedings.  As such, the Court will allow the redaction of the block quotation of the actual confidentiality term.

Third, Petitioner seeks to redact assertions that it has been harmed in the past by the public airing of Respondent's allegations.  *Compare* Docket No. 10 at 8-9 *with* Docket No. 14-3 at 9-10.[9] In particular, Petitioner seeks to redact assertions that its brand and business were damaged by the media coverage generated by Respondent's underlying claims, which (according to Petitioner's statement in the public record) morphed into a narrative that "Allegiant Air prioritized profit over safety which led it to neglect maintenance and repairs on its planes which resulted in unsafe planes

---

[7] The Court will not catalogue them all, but there are abundant examples of Petitioner referencing "the confidential nature of the Settlement Agreement," Docket No. 14-2 at 4, or making similar statements.

[8] The proposed redaction is on page 5 of the motion to seal at lines 7-11.

[9] These redactions are on page 8 of the motion to seal at lines 18-19 and 27-28, as well as on page 9 of the motion to seal at lines 1-2.

flying each day." Docket No. 14-3 at 9; *see also* Docket No. 14-1 at ¶ 8.[10]  Although not entirely clear, Petitioner appears to argue without elaboration that publicly revealing the harm it allegedly suffered in the past could promote scandal or gratify private spite. *See* Docket No. 14 at 7-8.  The Court is not persuaded.  Petitioner appears to be conflating two different issues:  (1) whether it has allegedly been harmed in the past and (2) whether it would be harmed in the future by the public disclosure of the information it seeks to redact.  It is the latter that is at issue in the motion to seal.[11]  Petitioner has made no showing that allowing the public to see the ways that Petitioner claims to have been harmed by past media coverage would cause it harm in the future, promote scandal, or gratify spite.  Instead, Petitioner simply relies on bald assertions that are insufficient to establish grounds for sealing.  *Cf. Kamakana*, 447 F.3d at 1182 ("conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to . . . documents").  Petitioner is not entitled to redact references characterizing past harm it alleges it suffered.

In short, Petitioner has established a basis for redacting the block quotation to the confidentiality term itself, but no other redaction to the motion to seal itself is warranted.

### C. Settlement Agreement

Petitioner next seeks to seal the entirety of the settlement agreement. Docket No. 1-2.  As noted above, confidentiality was a material term of that agreement.  Moreover, the aspects of that settlement agreement that are pertinent to the issue before the Court, namely the existence of a confidentiality provision, have already been made known on the public record to enable the

---

[10] Petitioner already states on the public record that the media portrayed it as putting profits over safety.  The Court is at a loss as to why the immediately following statements that it felt harmed by that media coverage would be sealable given what is already stated in the public portion of its filing.

[11] Petitioner bemoans that it was harmed by the bad publicity that arose from Respondent's underlying claims.  To be clear, the public has a general right of access to federal court proceedings as a means to monitor that system. *Kamakana*, 447 F.3d at 1178.  "Such vigilance is ***aided*** by the efforts of newspapers" and other media in covering those proceedings. *Id.* (emphasis added).  Hence, that the media is publicizing a judicial proceeding is a normal aspect of a well-functioning system.  Parties to litigation are not generally entitled to be shielded from the public relations fallout that may accompany the filing of a lawsuit against them—such public scrutiny is part and parcel of the public access to judicial records. *Cf. id.* at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records").

public's understanding of these proceedings. As such, the agreement itself may remain under seal. *Cf. Harper*, 552 F. Supp. 3d at 1042.

### D. Arbitration Award

Petitioner next seeks to heavily redact the arbitration award that it asks this Court to confirm. *See* Docket No. 1-6 (redacted version of arbitration award that was improperly filed under seal).[12] Whether to allow this redaction is a close call. Other courts have determined that an arbitration award is not sealable in federal court proceedings simply because the parties bargained to have the arbitration be confidential. *See, e.g.*, *Bloom Energy*, 2021 WL 4079208, at *12 (denying unopposed motion to seal). The Court agrees with the assessment that, as a general matter, it is untenable to allow the sealing of an arbitration award in federal proceedings to confirm that award simply because the parties agreed to confidentiality of the underlying arbitral process. *See id.* In the specific circumstances of this case, however, the Court will allow the arbitration award to be redacted. In particular, the arbitrator himself found that the award warrants protection from public disclosure. *See* Docket No. 9-6 at 11 ("Except for the terms of the Protective Order which appear at pages 8, 9, and 10 under the heading "Award and Protective Order," this Award and its substance are confidential pursuant to the terms of the Settlement Agreement"). Particularly given that this proceeding is to confirm that very award to protect Petitioner's confidentiality interests, there is some force behind Petitioner's argument that the arbitrator's finding of confidentiality militates strongly in favor of allowing the redaction. *See* Docket No. 14 at 5-6; *see also Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *2 (D. Nev. Feb. 17, 2011) (considering fact that arbitrator had ordered certain information to be confidential in granting motion to seal). As such, the Court will allow the redaction to the arbitration award.

---

[12] Petitioner was previously ordered to file this redacted document on the public docket, Docket No. 11 at 3 ("Petitioner must also <u>publicly</u> file versions of all pertinent documents that have proposed redactions so that the public will have access to the information therein except as obscured by a proposed redaction" (emphasis in original)), but inexplicably failed to comply with that order. Petitioner's counsel is cautioned that he is expected to comply with the Court's orders moving forward. *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C) (addressing potential for sanctions to be imposed when pretrial orders are violated).

E.      Additional Documents

Although not addressed in the motion to seal or supplement, Petitioner filed a number of additional documents under seal without providing any basis for doing so.  In particular, the application to confirm the arbitration award included four such exhibits.  Docket No. 1-1 (declaration of Joshua Sliker); Docket No. 1-3 (subpoena to Douglas Desjardins); Docket No. 1-4 (supplemental strike list); Docket No. 1-5 (appointment of arbitrator and resume).  As no showing has been made with respect to these documents, they will be unsealed.

**III.    CONCLUSION**

For the reasons discussed more fully above, Petitioner's motion to seal is **GRANTED** in part and **DENIED** in part.  In particular, the Court orders that:

- Petitioner's proposed redactions to the application to confirm the arbitration award will be allowed.

- Petitioner's proposed redactions to the motion to seal will not be allowed, except as to the block quotation to the confidentiality provision in the settlement agreement.  No later than July 26, 2022, Petitioner must file a notice on the public docket attaching its motion to seal with a redaction to only to this block quotation.

- Petitioner's request to seal the settlement agreement will be allowed.

- Petitioner's proposed redactions to the arbitration award will be allowed.  Because the redacted version of that document has not been publicly filed, the Clerk's Office is **INSTRUCTED** to unseal the redacted version of that document at Docket No. 1-6.

- Petitioner's implicit request to seal Docket Nos. 1-1, 1-3, 1-4, and 1-5 will not be allowed.  The Clerk's Office is **INSTRUCTED** to unseal Docket Nos. 1-1, 1-3, 1-4, and 1-5.

IT IS SO ORDERED.

Dated: July 19, 2022

Nancy J. Koppe
United States Magistrate Judge