UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLEGIANT TRAVEL COMPANY, et al.,<br><br>    Petitioner(s),<br><br>v.<br><br>JOHN KINZER,<br><br>    Respondent(s). | Case No. 2:21-cv-01649-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 1] |

Pending before the Court is Petitioners' application to confirm arbitration award and enter judgment. Docket No. 1; *see also* Docket No. 9 (unredacted sealed version); Docket No. 14-2 (public redacted version).[1] Respondent received copies of the application and accepted service, Docket No. 7, but Respondent did not respond to the application. The matter has been referred to the undersigned magistrate judge to prepare a report and recommendation.

## I. BACKGROUND[2]

The parties engaged in years of litigation arising out of an incident on June 8, 2015, during which Respondent was the pilot of one of Petitioner's airplanes. Upon a report of a burning rubber odor in the cabin, Respondent returned the airplane to the airport and ordered an evacuation. Based on its review of the incident, Petitioner terminated Respondent's employment. Respondent then brought suit alleging in a nutshell that he was fired for putting passenger safety over company profits. The parties eventually agreed to resolve the case by entering into a confidential settlement agreement. The settlement agreement included a term that it be kept confidential and that any future disputes be resolved through arbitration.

---

[1] To the extent the pagination differs between the parties' own pages and the page numbers assigned by CMECF, the Court cites to the CMECF pagination.

[2] This background section is derived from the recitation of the facts on the public record in this case. *See, e.g.*, Docket No. 14-2 at 2-3; Docket No. 14-3 at 8-10.

Following the later initiation of Respondent's divorce proceedings, documents were subpoenaed regarding settlements involving Respondent. Unsatisfied with efforts made to keep information confidential, Petitioner initiated arbitration proceedings in this District. Former United States District Judge Philip M. Pro was selected as arbitrator. Judge Pro issued an award in Petitioner's favor. Petitioner now seeks to have that arbitration award confirmed.

## II.   STANDARDS

The Federal Arbitration Act ("FAA") permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. §§ 9, 10, 11. "[F]ederal court review of arbitration awards is extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (citation and quotations omitted). An award must be confirmed unless it is vacated, modified, or corrected on the grounds described in the FAA. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citing 9 U.S.C. § 9). An award may be vacated if: (1) it was procured by corruption, fraud, or undue means; (2) "there was evident partiality or corruption in the arbitrators;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

"Where a court has before it a motion to confirm an arbitration award and the non-moving party has failed to respond, the motion should be treated as an unopposed motion for summary judgment based on the moving party's submissions." *Writers Guild of Am., W., Inc. v. Golden Harvest Films, Inc.*, No. CV 10-01099 SJO (AGRx), 2010 WL 11595764, at *2 (C.D. Cal. May 24, 2010) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). Hence, an unopposed motion to confirm an arbitration award may be granted when the movant demonstrates an absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See, e.g.*, *United States v. $273,969.04 U.S. Currency*, 164 F.3d 462, 464 (9th Cir. 1999).

### III. ANALYSIS

The undersigned finds that the unopposed application should be granted. Respondent has not presented any defenses to the arbitration award. Petitioner sought arbitration pursuant to its contractual rights. The Arbitrator acted within his authority in issuing the subsequent award. There is no evidence of fraud, partiality, or misconduct. Hence, the requisite basis exists to confirm the arbitration award.

Accordingly, the undersigned **RECOMMENDS** that the application be **GRANTED**.

Dated: July 19, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).